**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | **Mag. Case No. 21-MJ-4 (GMH)** |
| : | |
| **JAMAL PAYNE,** : | |
| : | |
| **Defendant.** : | |

## GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142 (f)(1)(E) and 18 U.S.C. § 3142 (d)(1)(A)(iii) of the federal bail statute. The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

### I. Procedural History

The defendant is charged by Criminal Complaint dated January 1, 2021 with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. § 922(g)(1). At today's arraignment and initial appearance, the government intends to orally move for detention pending trial pursuant to the above-referenced provisions of the federal bail statute, and any additional provisions that may apply upon review of the Pretrial Services Agency report. Upon agreement with the defense and in light of the current national public health emergency related to COVID-19, the government intends immediately to proceed to the detention hearing.

## II. Legal Authority and Argument

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f). Specifically, the presentation of hearsay evidence is permitted. Id.; United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996). Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use." United States v. Martir, 782 F.2d 1141, 1145 (2d Cir. 1986); United States v. Williams, 798 F. Supp. 34, 36 (D.D.C. 1992). A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery. Smith, 79 F.3d at 1210, see also Williams, 798 F. Supp. at 36.

There are four factors under Section 3142(g) that the Court should analyze in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. See 18 U.S.C. § 3142(g). A review and understanding of the facts and circumstances in this case demonstrates that there is no condition or combination of conditions that would assure the safety of the community. See 18 U.S.C. § 3142(e)(1).

### A. Nature and Circumstances of the Offenses Charged

The first factor for the Court's consideration, the nature and circumstances of the offense charged, weighs in favor of detention. On Monday, December, 21, 2020 at approximately 6:20 p.m., the Command Information Center (CIC) Shotspotter came over the Third District radio and

voiced that 13 rounds of gunshots were detected near 1350 Fairmont Street Northwest, Washington, D.C. Officers responded to that location and located nine 9mm shell casings in the 2600 block of 14th Street Northwest (specifically, in the southbound bus travel lane). Crime Scene Officer Major processed the scene and collected the shell casings for evidence.

The offense was captured on an MPD Crime camera, and a "Be On the Lookout" ("BOLO") notice and video was disseminated to members of the Metropolitan Police Department. In the BOLO video, a black male wearing a black winter coat with brown fur, a black skull cap, dark pants, and white shoes operated a black in color motorized wheel chair with large metallic wheels and a small headrest. The individual is captured on the footage discharging a firearm in the middle of the intersection of 14th and Fairmont Streets, Northwest.

Then, on December 31, 2020, at approximately 7:50 p.m., members of the Metropolitan Police Department's (MPD) Sergeant Merzig of the Third District Crime Suppression Team in the Columbia Heights area, observed the defendant Jamal Payne, in the 2600 block of University Place, Northwest, Washington, D.C. as an individual matching the BOLO video for the offense of Unlawful Discharge of a Firearm which occurred in the 2600 block of 14th Street, Northwest, Washington, D.C. on December 21, 2020, under MPD Criminal Complaint Number 20-180-668.

Once the defendant was stopped, he immediately began trembling, his eyes started to water, and he began repeating himself. Officers observed a visible bulge on the left front side of the defendant's pants. Officer Shay observed an additional bulge that resembled the outline of a barrel of a firearm along the defendant's inner left thigh. Officer Yarney then conducted a protective pat down and felt a metallic object, which he immediately recognized to be a firearm based on his knowledge and experience. A search was conducted and a firearm was recovered from inside the

defendant's front waistband of his jeans, where officers initially saw the bulge.

The recovered firearm was a black Taurus PT111, Millenium G2, 9mm semi-automatic pistol with serial number TK090131, which had one round of ammunition in the chamber and three in rounds in the magazine.



*Still photograph of the weapon discharge reported on Decemmber 21, 2020.*

### B.   Weight of the Evidence against the Defendant

The second factor for the Court's consideration, the weight of the evidence, also wholly weighs in favor of detention. The evidence against the defendant is strong.   After Sergeant Merzig observed an individual matching the description provided in the BOLO and approached the defendant, he immediately began trembling, his eyes started to water, and he began repeating himself.   Officers also observed a visible bulge on the left front side of the defendant's pants and ultimately recovered the gun from his person.

### C.   The Defendant's History and Characteristics

The third factor, the history and characteristics of the defendant, similarly weigh in favor of his detention.   At bottom, the defendant presently is on supervision for robbery in Case Number

2015 CF3 9155, during which he and an accomplice used a firearm to rob an unsuspecting victim. The facts of that crime as articulated in a proffer signed by the defendant are disturbing. Specifically, on July 7, 2017, the defendant, who was in a wheelchair, lured a woman into an alley in Northwest Washington, D.C., before his accomplice, while wearing a facemask, approached the woman from behind, held a gun to her head, and pulled her hair. The defendant and his accomplice then stole the woman's purse and cell phone before fleeing.

### D. Danger to the Community

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention. Not only is the defendant believed to have fired at least one shot, as depicted in the image included in the instant detention memorandum, but he did so on an open street way in Washington D.C. The defendant's brazen conduct is innately dangerous and, by itself, militates detention. Beyond that, though, the defendant also has a conviction for robbery where he and an accomplice used a weapon to rob a woman in an alley, a crime for which he still is on supervision for. Thus, given the defendant's penchant for not only carrying firearms, but using them in furtherance of more grave and serious criminal conduct, the Government believes there to be no condition or combination of conditions to ensure the safety of the community.

Therefore, the government submits that the Court should order the defendant's detention during the pendency of this case to protect the community.

### III. Conclusion

The government respectfully requests that the Court issue an Order granting its motion that the defendant be held without bond pending trial.

                Respectfully submitted,

                MICHAEL R. SHERWIN
                ACTING UNITED STATES ATTORNEY
                New York Bar No. 4444188

By:   /s/ *Kelly L. Smith*
                Kelly L. Smith
                New York Bar No. 5321971
                Assistant United States Attorney
                Federal Major Crimes Section
                United States Attorney's Office for D.C.
                555 Fourth Street, N.W., Fourth Floor
                Washington, D.C. 20530
                E-mail: Kelly.Smith@usdoj.gov
                Telephone: (202) 436-5921

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel, Eugene Ohm, Esq., this 4th day of January 2021.

                /s/
                Kelly L. Smith
                Assistant United States Attorney